### JACKSON v BECKER et

Ohio Appeals, 9th Dist, Summit Co

No 2815. Decided April 9, 1937

Smoyer, Kennedy, Smoyer & Vogel, Akron, for appellant.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for appellees.

## OPINION

By STEVENS, PJ.

The action below was one wherein the plaintiff sought to recover damages for personal injuries alleged to have been sustained by him because of the negligence of the defendants. Herein, reference will be made to the parties as plaintiff and defendants.

To support the allegations of his petition, plaintiff produced evidence tending to show that he was struck and injured by an automobile owned by the defendants and operated by an agent and servant of the defendants. The negligence with which the defendants were charged was:

1. Operating their automobile upon the left side of the highway;

2. Operating said automobile at a high, dangerous and unlawful rate of speed; and

3. With failing to give any warning signal to plaintiff of the approach of said automobile.

For answer the defendants charged plaintiff with sole responsibility for his injuries, in that he negligently ran into the roadway without first looking to observe traffic, and without giving any notice or warning of his intention to so run into said roadway.

The record discloses evidence tending to establish that the defendants' car was being operated upon the left side of the highway and at a high rate of speed, and that the driver thereof gave no signal of his approach as said automobile neared the plaintiff.

The record further discloses that plaintiff, a minor of the age of 14 years, lit a firecracker on top of a post near the highway and, without first looking into the highway and while running away from said post and looking back at the firecracker upon said post, ran onto the highway and into the defendants' automobile, with resultant injuries to himself.

At the close of all the evidence, counsel for defendants requested the court to instruct the jury to return a special verdict in writing under the provisions of §11462, GC, and submitted a proposed form of special verdict in interrogatory form.

Counsel for plaintiff also submitted a form of special verdict, but theirs was in narrative form.

The form submitted by the defendants was given to the jury, and the form submitted by plaintiff the court refused to give to the jury. The jury answered the interrogatories contained in said special verdict, and the court thereafter rendered judgment for the defendants. Appeal upon questions of law brings the case before this court for review.

The special verdict returned by the jury, signed by 10 of their number, is as follows:

"1. We do find that the defendants, having regard for the width, traffic, surface and other conditions then existing at the time of said accident, operated their automobile at a speed greater than an ordinarily prudent person would have operated it, under the same or similar circumstances.

"2. We do find that an ordinarily prudent person, under circumstances the same or similar to those that prevailed at the time of this accident, would have blown his horn as a warning signal.

"3. We do find that at the time of the accident the defendants' automobile was operated to the left of the center of said highway.

"4. We do find that plaintiff ran from the dirt berm at the easterly side of said highway on to the paved portion thereof, and thereupon the said collision immediately occurred.

"5. We do not find that the plaintiff looked for approaching automobiles before he ran upon the paved highway.

"6. We do find that an ordinarily careful and prudent boy, of the same age, education and experience as plaintiff, would be reasonably expected to refrain from sud-

denly running into the paved portion of the highway under the same or similar circumstances.

"7. We do find that an ordinarily careful and prudent boy, of the same age, education and experience as the plaintiff, would be reasonably expected to look for approaching vehicles before running into the paved portion of the highway under the same or similar circumstances.

"8. We find that the rate of speed at which said automobile was operated was a proximate cause of plaintiff's injuries.

"9. We do find that the automobile's position on the highway, at the time of said collision, was a proximate cause of plaintiff's injuries.

"10. We do find that the omission of defendants to blow the automobile horn was a proximate cause of plaintiff's injuries.

"11. We do find that plaintiff, by running on to the paved portion of said highway, did contribute proximately, at least in a slight degree, to the occurrence of said collision.

"12. We do find that the fact that plaintiff did not look for approaching automobiles, did, at least in a slight degree, contribute proximately to the occurrence of said accident.

"13. We find that as a result of said collision, plaintiff was damaged in the sum of $800."

There are three assignments of error urged by the plaintiff as constituting error warranting a reversal of the judgment of the trial court. Those assignments are as follows:

1. That the trial court erred in submitting to the jury the form of special verdict tendered by the defendants.

2. That the trial court erred in refusing to submit to the jury the form of special verdict tendered by the plaintiff.

3. That the trial court erred in its general charge by omitting to apprise the jury concerning the degree of care required of a minor, although requested so to do.

Counsel for plaintiff maintain that they were not furnished with a copy of said special verdict before the same was submitted to the jury, and were thereby deprived of the right to discuss in argument the form of said verdict.

The decided cases in Ohio indicate that it is improper for the trial court to apprise the jury of the legal consequences attendant upon its answers to interrogatories propounded in a special verdict. The Supreme Court said in Walsh v J. R. Thomas' Sons, 91 Oh St 210, at pp. 215-216:

"In connection with special interrogatories it is not proper for the court to explain to the jury what the legal effect of the answer may or may not be. In the instant case the court said to the jury that if they found that the promise of the defendant was to pay for Lenderman if he did not, then, in that event, she would not be liable. Thus the court warned the jury what would be the legal effect of its answer, and it could trim its course accordingly. This was error. And there is no reason why the same rule applying to special verdicts under another section of the code should not apply as well to the special findings of fact made by the jury. Explaining the legal effect of answers in cases of special verdicts has been held erroneous in the following cases: Morrison v Lee, 13 N. D. 591, 102 NW Rep. 223; Musbach v Wisconsin Chair Co., 108 Wis. 57."

We therefore conclude that if it is improper for the court to apprise the jury of the legal effect of its findings, it is equally improper for counsel to accomplish that result through argument, thereby effecting through indirection that which the court could not with propriety directly accomplish.

Particular complaint is made concerning finding number 7 above set forth, it being claimed that plaintiff had a right to assume that the automobile of defendants would be driven on the right-hand or westerly side of said pavement, and that said special verdict contained no interrogatory covering that situation.

We are of the opinion that the plaintiff had no right to indulge such presumption, and that the special verdict did contain interrogatories upon all of the controlling issues in this case, answers to which properly permitted the court to draw therefrom the conclusions of law resulting in a judgment in said case.

The second assignment of error, in effect, charges the trial court with an abuse of discretion in submitting to the jury for answer the special verdict prepared by defendants, instead of that prepared by the plaintiff.

It is the rule, with reference to special verdicts, that in matters of form the trial

court is vested with a wide  discretion as to the form in which such verdicts shall be submitted; and in the instant case we are unable to conclude that the trial court abused its discretion in submitting the form of special verdict which was submitted.

Under the third assignment of error, complaint is first made of the refusal of the court to give plaintiff's special requests to charge before argument.

It is our understanding of the law that when a request is made for the return of a special verdict, there is no obligation upon the part of the trial court to give any special request to charge before argument; and further, that the only instructions proper in its general charge are such as are necessary to enable the jury clearly to understand its duties relative to such verdict.

Particular complaint is also made of the fact that the trial court failed to apprise the jury as to what constituted ordinary care on the part of a 14-year-old boy whose home was in a small rural community and who was not familiar with city traffic.

We think that interrogatories 6 and 7 set forth the proper measure of care required of plaintiff, when they were based upon the conduct of an ordinarily careful and prudent boy of the same age, education and experience as plaintiff, acting under the same or similar circumstances. We therefore conclude that this complaint is without merit.

It is the opinion of this court that the general charge of the trial court is not violative of the rule laid down by the Supreme Court of Ohio in **Dowd-Feder Co. v Schreyer, 124 Oh St 504;** and we are further of the opinion that all of the material issues in this controversy were passed upon by the jury in such manner as to enable the trial court to. say, upon the pleadings and the special verdict, without looking at the evidence, which party was entitled to judgment.

The judgment entered was, in the opinion of this court, the proper one to be entered upon the special verdict returned by the jury. It follows, therefore, that the judgment of the trial court will be affirmed.

WASHBURN and DOYLE, JJ, concur in judgment.