## DECKER, Plaintiff, v. STANDARD OIL CO., Defendant.

Common Pleas Court, Allen County.

No. 43793. Decided September 22, 1958.

(McNEIL, J, of Van Wert County, sitting by assignment in Allen County.)

James Blair, John D. Harnishfeger, Lima, for plaintiff.
Vincent E. Mitchell, Cleveland, for defendant.

## OPINION

By McNEIL, J. (By Assignment).

This cause is a case involving a collision between a motorcycle and a truck. A special verdict was submitted to the jury, and upon such special verdict, the court rendered judgment in favor of the defendant. Thereafter the motion for new trial was filed. The only question the Court is considering herein is whether the special verdict was requested timely under the provisions of §2315.15 R. C.

At the close of the evidence, defendant submitted special instructions before argument, which the Court gave. These special instructions were general in their terms. Thereupon plaintiff proceeded to argue the case, and following the opening argument, the defendant waived further

argument and requested that a special verdict be given. At this time, the Court had prepared the general charge. With the submission of the special instructions before argument, there had been some delay while these matters were argued. Upon the request for a special verdict, considerable more delay ensued while the court prepared the special instructions. At that time, the court expressed some doubts as to whether the request was seasonably made, but after a hurried examination of **Hubbard v. C. C. & C. Hwy., Inc.**, 81 Oh Ap 445 (motion to certify overruled), and **Bates v. Prudential Insurance Company**, 59 Oh Ap 393, the Court at that time concluded that the request was seasonable, and pushed into the task of preparing a special verdict.

Now that the Court has had time to reflect upon the matter, the very doubts that the Court then had as to the seasonability of the request have been intensified, and has resulted in a complete examination of this subject.

It appears that the special verdict was originally a device developed by members of the jury to escape the danger of exposure to attainder. After attainder was abolished, the special verdict has continued in our statutes. For discussion of a history of same, see Article by Hon. Robert L. McBride, 59 O. O. 381.

The statute of the special verdict can be 'a device to further the administration of justice, but is one that has never achieved general acceptance except in localized parts of the State. Even then it has remained one part of the trial procedure which is somewhat hazardous in its use, as stated by Judge Stewart in the case of **Landon v. Lee Motors**, 161 Oh St 82:

"It is not only a difficult and delicate task, but a party exercising the right frequently does so at his peril. As in the case of special interrogatories, it is exceedingly dangerous to the administration of justice to submit a special verdict except in strict accordance with the statute."

It would appear to the Court that the logical time for the submitting of a request for a special verdict is prior to argument at the same time that special instructions before argument are requested. Whether or not certain special instructions may or may not be given may very well depend upon whether a special verdict is or is not requested. In **Dowd-Feder Co. v. Schreyer**, 124 Oh St 504, in the syllabi the Court held:

"When a special verdict is to be rendered, only such instructions should be given by the court as are necessary to enable the jury clearly to understand their duties relative to such special verdict."

For the same effect, see Syllabi 3 in **Gendler v. The Cleveland Railway Co.**, 18 Oh Ap 48. This rule has recently been reaffirmed in the Landon case, supra. In some cases, however, it has been held that because of waiver, lack of prejudice, or the inseparability of law and facts, courts have permitted the giving of the complete law of the case. Dowd-Feder Co., supra. However, in the opinion in the Landon case, supra, Judge Stewart posed the query as to whether the giving of general law should ever be held not to be prejudicial.

There is one Appellate case in Ohio, **Jackson v. Becker**, 24 Abs 397, which held that there is no obligation upon a trial court to give any

special request to juries before argument when there is a request for a special verdict.

An examination of these cases certainly indicates that at least the ideal time for presentation of a request for special verdict should be before the argument. It certainly would appear advisable that the court, in the ruling on special instructions, should know at that time what type of verdict may be requested, so that he may rule intelligently on the special instructions and see that an improper special instruction is not given.

In the reverse, it would appear that whether or not a special verdict may be had would depend upon whether the other side has requested special instructions that may or may not inhibit the use of a special verdict. An attorney in arguing should be entitled to know as to what type of verdict is to be rendered so that he may argue intelligently to the jury. There are occasions when ordinary argument given by attorneys, when it is not known that a special verdict is to be requested, may only help confuse the jury instead of intelligently calling pertinent testimony and argument to their mind, and may actually make references to the law that would become improper. In Judge McBride's article on special instructions, supra, he stated:

"Each case presents individual problems and requires the exercise of discretion by the trial judge. The court alone is in position to coordinate the necessary and specific law that is given with the form of the proposed verdict. Counsel may test what law the court intends to give by demanding a special verdict before argument and at the time he submits special instructions for approval. This is the point during the trial at which the request for a special verdict should be required. However, the statute is silent in this respect."

In the Bates case, supra, no question was raised as to whether the matter was presented seasonably. In the case it incidentally appears that the request was made after argument, but there is no discussion of the matter. It should be noted that the Bates case was decided by Judge McBride, and the court has just quoted an article appearing immediately before the report of the Bates case as to his belief as to the time it should be presented.

In the Hubbard case, supra, it is an appellate district other than the appellate district of this court, and although a motion to certify was overruled, this of course is not a final binding decision which this court is required to follow, but one which this court usually would follow. However, in that case, it should be pointed out the objection was not as to whether the request was seasonably made, but whether or not defendant's counsel was guilty of misconduct in requesting special instructions when they knew a special verdict would be requested. With this the court can agree. Certainly, there is no element of misconduct in the attorneys of this case or in that case in the area of confusion that exists surrounding this subject. It finally is noted that the court in disposing of this matter stated:

"In our opinion counsel were not guilty of misconduct, and there is no showing of prejudicial error."

It is true that the statute is silent as to the time a special verdict is to be submitted, but it is equally true that there is no time limit specified for the request for interrogatories or special findings. Sec. 2315.16 R. C. The Supreme Court, in **Bobbitt v. Maher Beverage Co., 152 Oh St 246**, stated:

"A trial court, in the exercise of its discretion, may refuse to submit to a jury interrogatories which are neither suggested nor tendered until the jury is about to retire for deliberation on a verdict."

**Kennard v. Palmer, 143 Oh St 1**, was approved.

Thus, it appears that under a very similar statute courts may legitimately impose a time, in the sound administration of justice, when the matters other than a general verdict are to be submitted to a jury may be requested, as both statutes have somewhat the same purpose and are both similarly indefinite as to the time. There is less reason to restrict the time on special findings or interrogatories than a special verdict as in most cases a general verdict is being returned, notwithstanding, and counsel in arguing are arguing under the assumption that a general verdict will be returned. The court mentions these cases to show that the Supreme Court has permitted limitations of time in these type requests, not that both requests necessarily should have the same time limitation.

This matter has been decided in other states with various conclusions being reached, some because of the statutes and others because of variance in the views of the courts. In summarizing these cases, both special interrogatories and special verdicts are treated together, and the following appears in C. J. S. 89, §537, P. 264:

"Except as fixed or restricted by statute, the time for filing requests for special findings is largely in the discretion of the trial court, which may prescribe and enforce a reasonable rule or order with respect thereto, and may modify or waive such rule or order in its discretion, provided such discretion is not abused to the palpable injury of a party; but a request should not be submitted at such a state of the trial as to work surprise or be manifestly unfair to the other side."

The court has examined these cases and they fall into two general interpretations, being opposed to each other. The summary of one view set forth in C. J. S. is as follows:

"A request may be presented before the issues are closed, and before argument is begun, even after arguments on requested instructions, or before the general charge to the jury has been begun."

The summary of the opposing view is as follows:

"It need not be received after argument has been commenced or closed, after the court has intimated the character of the instructions it will give, or after the general charge has been prepared, begun, or given, or after the jury has retired."

It appears this question has bothered other courts. To the court it appears that if the submission of a request for a special verdict may be made any time prior to actual charge given by the court, the special verdict instead of being a valuable adjunct to the administration of justice becomes a trick device and may catch the other side and even the

court off guard, and may be often used to secure a special advantage. The court has ruled on special instructions blindly; the attorney has argued to the jury on the assumption that a general verdict will be returned; the jury has been afforded a considerable delay, which they cannot understand after the argument has been given, and the court then works furiously to prepare the special verdict and the instructions for the special verdict, after he has prepared the general instructions, as he was just ready to charge the jury. As against this, what can any party lose by having to make their request for a special verdict at the conclusion of the evidence? The most he can lose is the element of surprise and this certainly is not part of the sound administration of justice.

In the administration of justice, the courts generally have followed a general trend to eliminate the trick device. Witness the new federal rules; the institution of pretrial in the federal courts, and by rule of the court in State courts in an effort to secure a fair and adequate disclosure of facts and attempt to secure a fair trial with the elimination of surprise, "sandbagging" and other practices that in the past have been much too common to the trial of lawsuits.

Recently the Supreme Court, in **Carter Jones v. Eblen, 167 Oh St 189,** overruled the old practice concerning consecutive motions for new trial at the end of the case. In that case, Judge Mathias, in the majority opinion, stated:

"We are also aware of the fact that this doctrine **(stare decisis)** should not be, and has never been, used as the sole reason for the perpetuation of a stated rule of law which has proved to be unsound and unjust."

Again in that case:

* * * "and that the many ramifications and exceptions which this court has been forced to engraft onto the rule in order to render substantial justice in its application have proved beyond all doubt that in practice and experience the rule has become nothing more than a trap for the inexperienced or unwary * * *"

In a separate concurring opinion by Judge Bell, he states:

* * * "makes for the incongruous situation of permiting a litigant to say to the Court: 'Now I want you to decide this case in my favor but if you won't do that I want someone else to have the opportunity to decide it in my favor.' Such a practice is a trifling with the judicial process. I think the rule should be established definitely one way or the other."

The Court is citing these quotations only to show the general trend to eliminate any trick or device that does not aid in the administration of justice, even if it involves the overruling of established practices.

Although the court is reluctant to do so, being only a trial court, if there is anything to be done, the court feels now is the time, before we have the very pertinent problem presented for trial attorneys in that a rule has become established through the passage of time and common experience and we would be faced with the serious problem of overruling long established practice.

504

Presently, there is one common pleas court case in which the question was not directly passed upon, and one court of appeals case in which the court found there was no prejudicial error. The court, feeling as it does, and since common acceptance of the practice is not so firmly established as to create serious problems to the trial' attorney, dissents with the viewpoint presented in those cases.

It is the opinion of this court that a motion for a special verdict should not be entertained after argument has begun and that the granting of said motion by this court during the trial of the case constituted error and that the plaintiff was denied the right to argue the case properly to the jury and the jury was deprived of the opportunity to have argument presented to it relative to the verdict which they were required to render, and this resulted in prejudice to plaintiff.

This is solely and the only ground the court finds for reversing this case. The court feels that defendant should appeal this case and this court feels that if it is mistaken as to the law in deciding a purely legal question, that the granting of the motion for a new trial would be an abuse of the court's discretion, as the court would not grant the motion on any other grounds, all other matters being regular, except for this point of law.

The court does so reluctantly, as in nearly all cases, whether a decision of a court of appeals is of this district or not, for uniformity of the law, tries to follow decisions of all courts of appeal. However, in this case, in the interest of fairness and justice, the court is unable to do so.

The Court finds that the motion for new trial should be sustained, and journal entry may be prepared in accordance herewith.